# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL T. WALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 17-587-CV-W-FJG |
| | ) |
| CITY OF GRANDVIEW, MISSOURI, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendant City of Grandview, Missouri and Officers Jacob Gross and Scott Evans' Motion to Dismiss (Doc. # 4), defendants' Motion for Extension of Time to Conduct Rule 26 Conference (Doc. # 12), Plaintiff's Motion for Scheduling Order (Doc. # 23), Plaintiff's Motion for Attachment (Doc. # 24) and Plaintiff's Motion for Reconsideration of Motion for Appointment of Counsel (Doc. # 25).

## I.  BACKGROUND

On November 18, 2012, after a three day bench trial, plaintiff was found guilty by Jackson County Circuit Judge James Kanatzer of first degree felony property damage. Plaintiff was represented by public defenders during this trial.  On December 17, 2012, plaintiff was sentenced to three years in jail as a persistent felony offender.  Plaintiff appealed his conviction to the Missouri Court of Appeals. On April 15, 2014, the Court of Appeals affirmed the conviction.  On May 31, 2017, plaintiff filed an action in Jackson County Circuit Court against the City of Grandview, Officer Jacob Gross, Scott Evans, Sherry Sample, Sylvia Breckenridge, Susan Hopkins, Rebecca McNeal, Elizabeth

Abram, Ashley Smith, Latania Ceesay and Zachary Powell[1]. On July 17, 2017, defendants the City of Grandview, Officer Jacob Gross and Detective Scott Evans removed this case from the Circuit Court of Jackson County, Missouri to this Court. Defendants removed the case to this Court on the basis of federal question jurisdiction.

It is unclear what claims plaintiff is asserting in his petition as there are no separate counts and no specification as to what claims are alleged against which defendant. Plaintiff cites 42 U.S.C. § 1983, 18 U.S.C. § 242 and 18 U.S.C. § 241 (Conspiracy against rights). Under the heading "Claims" plaintiff cites a series of cases and states: his due process clause the defendant has a right to trial before an impartial judge." "Defendant's guarantee of due process and to an impartial jury by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and of Article I, Sections 10 and 18(a) of the Missouri Constitution." Plaintiff then cites to what appears to be an exchange between potential venirepersons and counsel. Plaintiff then cites to the Fifth Amendment and the Due Process Clause and demands judgment against the state in "whatever amount in an amount in excess of 10 million [he/she] is found entitled, plus costs and fees." (Doc. 1-2).

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

---

[1] Plaintiff has filed two other Complaints in the Western District of Missouri against many of the same defendants relating to his 2012 felony property damage conviction in Jackson County Circuit Court. See Case No. 16-1218 and Case No. 17-00039.

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice.  Id. (quoting Twombly).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor.  Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005.  "A pro se complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers." Librace v. Valley, No.2:17CV00140JLH, 2017 WL 5560412, *1 (E.D.Ark. Nov. 17, 2017), citing (Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)).

### III. DISCUSSION

Defendants move to dismiss plaintiff's petition on three grounds: 1) the petition fails to state a claim against the City of Grandview and Officers Gross and Evans; 2) plaintiff's claims are barred by the collateral estoppel doctrine and 3) plaintiff's claims are barred by the doctrine announced in Heck v. Humphrey.  Defendants argue that the petition states no facts concerning the City of Grandview or Grandview Police officers Jacob Gross or Scott Evans.  Defendants observe that the petition makes only general conclusions of law, such as "deprivation of civil rights" "Section 1983" "Conspiracy to Convict" "False Imprisonment", references to Article I of the Missouri Constitution and to the Due Process

3

clause. However, defendants argue that plaintiff provided no factual context as to how he believes his rights were violated or what claims he is asserting against which defendants. Additionally, defendants state that because the petition is silent as to capacity, any claim against the officers must be considered a claim against them in their official capacity with the City. "Where a 'complaint is silent about the capacity in which [plaintiff] is suing the defendant, [a district court must] interpret the complaint as including only official-capacity claims.'" Spencer v. Pemiscot County Prosecutor, No. 1:11CV217SNLJ, 2011 WL 6140909,*2 (E.D.Mo. Dec. 9, 2011), (quoting Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995)). Additionally, defendants argue that plaintiff's petition is barred by collateral estoppel because he was convicted and his conviction was upheld on appeal. Finally defendants argue that plaintiff's petition is barred by the decision in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) which stated that before an individual may recover for damages for an allegedly unconstitutional conviction or imprisonment, the plaintiff must show that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid or called into question.

Plaintiff did not initially respond to the Motion to Dismiss. As a result, the Court issued an Order directing plaintiff to show cause why he had not responded. Plaintiff stated that he "was waiting for a federal judge rule to tell me it's okay to proceed in the United States District Court for all future proceedings. . . .Wherefore, it would be highly prejudiced for this court to deny me to show how and why Mr. Waller, Plaintiff rights his constitutional rights had been violated buy [sic] these two officers of the law." (Doc. #

4

11). Plaintiff filed a response to the instant Motion to Dismiss and mentions another case which he filed in the Western District of Missouri earlier this year: Case No. 17-00039-CV-W-BCW[2]. In response to the instant Motion to Dismiss, plaintiff incorporates arguments related to his earlier case and why he believes that the Court incorrectly dismissed that action. The only statement that he makes in reference to the instant case is that "it would be highly prejudiced for this Court to deny Plaintiff rights his constitutional rights had been violated by these two officers of the law." (Doc. # 13). Plaintiff then provides some case citations, but offers no further response to the Motion to Dismiss nor does he provide any additional factual details describing how he believes his Constitutional rights were violated.

In reply, defendants state that plaintiff has failed to allege any specific City policy or custom which caused him any injury and also failed to respond to defendants' arguments that his claims are precluded by the doctrine of collateral estoppel or by the decision in Heck v. Humphrey. Plaintiff filed an Amended Motion to Consider in apparent response to the Motion to Dismiss, but the Court could not discern any difference between the two pleadings. After reviewing plaintiff's petition, defendants' Motion to Dismiss and plaintiff's responses, the Court agrees that plaintiff's petition contains only legal conclusions and fails to state any claim for relief. "Threadbare recitals of the elements of a cause of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Because the Court finds that plaintiff's petition

---

[2] In Case No. 17-CV-00039, plaintiff had filed a motion for leave to proceed in forma pauperis. The Court denied plaintiff's motion because it found that he had the necessary funds to be able to pay the filing fee and additionally, the Court found that his Complaint failed to state a claim for relief.

fails to state a claim for relief, the Court need not reach defendants' alternative arguments that plaintiff's petition is also barred by the Collateral Estoppel doctrine or the decision in Heck v. Humphrey.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** defendant City of Grandview, Missouri and Officers Jacob Gross and Scott Evans' Motion to Dismiss (Doc. # 4); **DENIES AS MOOT** defendants' Motion for Extension of Time to Conduct Rule 26 Conference (Doc. # 12); **DENIES AS MOOT** Plaintiff's Motion for Scheduling Order (Doc. # 23); **DENIES AS MOOT** Plaintiff's Motion to Attach (Doc. # 24) and **DENIES** Plaintiff's Motion for Reconsideration of his Motion to Appoint Counsel (Doc. # 25).

Date: January 4, 2018  　　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  　　　　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge